UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

----oo0oo----

| | |
|---|---|
| PHYLLIS SMITH, an individual, and DIANA WOLD, an individual, | NO. CIV. 1:10-618 WBS |
| Plaintiffs, | MEMORANDUM AND ORDER RE: MOTIONS TO STRIKE |
| v. | |
| NORTH STAR CHARTER SCHOOL, INC., an administratively dissolved Idaho non-profit corporation; MERIDIAN JOINT SCHOOL DISTRICT #02, an agency of the State of Idaho; ROBERT W. BAIRD & CO., a Wisconsin corporation; JIM BLANDFORD, an individual; JOSELITO ("JOE") H. deVERA, an individual; GEORGE COBURN, an individual; SALLIE HERROLD, an individual; KERRI PICKETT-HOFFMAN, an individual; JANA McCARTHY, an individual; and DAN HULLINGER, an individual; and DOES 1-5, | |
| Defendants. | |

----oo0oo----

Plaintiffs Phyllis Smith and Diana Wold brought this action against defendants North Star Charter School, Inc. ("North

Star"), Meridian Joint School District #02, Joselito ("Joe") H. deVera, George Coburn, Sallie Herrold, Kerri Pickett-Hoffman, Jana McCarthy, and Dan Hullinger (collectively "North Star defendants"), and Robert W. Baird & Co. and Jim Blandford (collectively "Baird defendants"), arising out of plaintiffs' former employment with North Star.  Plaintiffs now move to strike twenty-four affirmative defenses asserted by the North Star defendants and thirty affirmative defenses and a reservation clause asserted by the Baird defendants.  Plaintiffs also move the court to deem certain allegations admitted for failure to properly answer the Complaint.

I.   Factual and Procedural Background

Plaintiff Smith is the former Principal of North Star and plaintiff Wold is the former Vice-Principal. (Compl. ¶ 2 (Docket No. 1).)  The North Star Board of Directors decided to expand the school in 2007 and retained a bond underwriter, Jim Blandford, to underwrite the bond offering to finance the expansion. (Id. ¶¶ 1, 37.)  Plaintiffs allege that Blandford prepared financial projections based on inaccurate salary and enrollment numbers, leading to annual financial shortfalls of several hundred thousand dollars. (Id. ¶ 3.)  Plaintiffs allegedly pressed the Board to explain the financial situation to stakeholders but were forbidden from speaking on the subject. (Id. ¶ 5.)  Plaintiffs allege that they were accused of financial mismanagement, that an ethics complaint was filed against Smith, and that plaintiffs were terminated on June 30, 2010. (Id. ¶ 6.)

Plaintiffs brought this action on December 15, 2010, alleging violations of plaintiffs' First Amendment rights and

retaliation pursuant to 42 U.S.C. § 1983 and intentional/negligent infliction of emotional distress against all defendants, violations of Idaho Code sections 6-2101 to 6-2109 (Protection of Public Employees) against the North Star defendants, and tortious interference with contract and/or prospective advantage and defamation per se against the Baird defendants.[1] The North Star defendants filed an answer on January 26, 2011, alleging twenty-five affirmative defenses. (Docket No. 20.) The Baird defendants filed an answer on February 1, 2011, alleging thirty-one affirmative defenses and reserving the right to assert additional defenses. (Docket No. 22.)

II. Discussion

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion to strike is "to avoid the expenditure of time and money" associated with litigating "spurious issues." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Nevertheless, motions to strike affirmative defenses are "generally disfavored and rarely granted." Utley v. Cont'l Divide Outfitters, No. CV 07-364, 2009 WL 631465, at *2 (D. Idaho Mar. 10, 2009).

A. Allegations of Failure to State a Claim

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true."

---

[1] Plaintiff Smith also brings a claim for defamation per se against the Doe defendants.

Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing Gomez v. Toledo, 446 U.S. 635, 640-41 (1980)). In contrast, an allegation of failure to state a claim is not a proper affirmative defense but instead asserts a defect in the plaintiff's prima facie case. Barnes v. AT & T Pension Benefit Plan, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010).

Defendants make several "affirmative defenses" that amount only to assertions that plaintiffs failed to state a claim. Accordingly, the court will strike the following: plaintiffs fail to state a claim for relief, (Baird 1; North Star 1), plaintiffs' allegations do not rise to the level of a deprivation of rights protected by law, (Baird 6), plaintiffs fail to state a claim entitling them to punitive damages, (Baird 12), damages are limited by law, (Baird 13, 14; North Star 7), plaintiffs fail to allege a deprivation of a constitutionally protected liberty interest, (Baird 30; North Star 21), plaintiffs fail to state a claim for tortious interference with contract because a party to a contract cannot tortiously interfere with that contract, (Baird 20), and plaintiffs fail to establish a prima facie case, (North Star 3).

B. Assertions that Plaintiff Cannot Meet its Burden of Proof

Similarly, "[a] defense which [merely] demonstrates that plaintiff has not met its burden of proof [as to an element plaintiff is required to prove] is not an affirmative defense." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002); see Solis v. Couturier, No. 2:08-cv-02732 RRB GGH, 2009 WL 2022343, at *3 (E.D. Cal. July 8, 2009). Accordingly, the court

4

will strike the following "affirmative defenses": defendants were not state actors, nor were they acting under color of law, (Baird 8), defendants acted reasonably and satisfied any duties owed, (Baird 10), no agreement, understanding, or policy deprived plaintiffs of their civil rights, (Baird 16), lack of causation, (Baird 22), renewal of plaintiffs' contracts was at the discretion of North Star, (Baird 28), defendants did not owe a duty regarding plaintiffs' continued employment, (Baird 29), the answering defendants were not jointly or severally liable for the other defendants' actions, (Baird 31; North Star 17), and no unconstitutional policy, custom, or usage caused plaintiffs' damages, (North Star 13).[2]

The court's ruling is not intended to eliminate any of these issues from the case, nor to preclude defendant from arguing any of them as part of defendants' denial of liability.

Both sets of defendants also reserve their right to amend their Answers. (Baird Reservation of Defenses at 33; North Star 12.) Defendants' right to seek leave of the court to amend their pleadings is already preserved by Rule 15 of the Federal Rules of Civil Procedure. See Wyshak, 607 F.2d at 826-27. Thus, defendants' reservations are not proper affirmative defenses and will be stricken.

C.  Insufficiently Pled Affirmative Defenses

An affirmative defense is insufficiently pled where it fails to provide the plaintiff with "fair notice of the defense."

---

[2] The Baird defendants concede that each of their allegations mentioned above is not a proper affirmative defense. (See Baird Defs.' Am. Resp. to Pls.' Mot. to Strike at 13-15 (Docket No. 30).)

Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).[3] "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak, 607 F.2d at 827. "The 'fair notice' pleading requirement is met if the defendant 'sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise.'" Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999) (quoting Home Ins. Co. v. Matthews, 998 F.2d 305, 309 (5th Cir. 1993)).

Even under the liberal Wyshak standard, a number of the affirmative defenses require further factual allegations. The court will strike the following affirmative defenses, but will give defendants an opportunity to amend to provide further specificity.

For the defenses of laches, estoppel, and waiver, (Baird 5; North Star 8), defendants should allege the conduct of

---

[3] Plaintiffs argue that the heightened pleading standard enunciated by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and clarified in Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949-50 (2009), should apply to the pleading of affirmative defenses. While the Ninth Circuit has yet to determine whether a heightened pleading standard applies to the pleading of affirmative defenses, such application is the growing trend among district courts. See Barnes v. AT & T Pension Benefit Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010). The court need not reach the matter at this time, as certain defenses are insufficiently pled even under the more liberal standard set forth by the Ninth Circuit in Wyshak and the remaining defenses are sufficiently pled under either standard.

The court is mindful of the fact that, while plaintiffs generally have at minimum a one-year statute of limitations in which to formulate a complaint, defendants are given twenty-one days to file an answer. See Fed. R. Civ. P. 12(a)(1)(A)(I). Accordingly, the court will give some latitude when considering defendants' affirmative defenses, particularly those which will be waived if not pled.

6

plaintiffs giving rise to these defenses. For the defense of failure to exhaust administrative remedies, (Baird 7; North Star 16), defendants should allege what administrative procedures were applicable.[4] For the defense of immunity from liability for punitive damages by state and federal law, (Baird 11), defendants should allege which laws provide immunity. For the defense of Eleventh Amendment immunity, (Baird 17), defendants should allege that they are entitled to immunity as state officials. See Holley v. Cal. Dep't of Corr., 599 F.3d 1108, 1111 (9th Cir. 2010). For the defense of failure to join indispensable parties, (Baird 19; North Star 15), defendants should allege which parties would need to be joined. See Sec. People, Inc., 2005 WL 645592, at *5 (striking affirmative defense alleging failure to join necessary parties without identifying any party who must be joined). For the defense of superseding, intervening conduct of plaintiffs or third persons, (Baird 21, 27; North Star 6), defendants should allege who committed superseding acts and what those acts were. For the defense of unclean hands, (North Star 9), defendants should allege what behavior gave plaintiffs unclean hands. See CTF Dev., Inc. v. Penta Hospitality, LLC, No. C 09-02429, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009) ("simply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff what behavior has allegedly given them 'unclean hands'").

---

[4] The North Star defendants allege that plaintiffs failed to exhaust administrative remedies under Title 33, Chapter 5, of the Idaho Code, which deals with district trustees. However, defendants did not allege what procedures under that Chapter plaintiffs should have followed.

Without further basic information, defendants have not even provided fair notice from which plaintiffs could ascertain the basis for these affirmative defenses. Accordingly, the court will strike these affirmative defenses.

D. Immaterial Affirmative Defenses

Defendants also assert affirmative defenses that are immaterial and have "no essential or important relationship to the claim[s]" presented by plaintiffs in this case. Fantasy, 984 F.2d at 1527. An affirmative defense is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation mark omitted), rev'd on other grounds, 510 U.S. 517 (1994).

The North Star defendants assert several affirmative defenses that would be appropriate for a cause of action for defamation; however, no such claim is asserted against them. Accordingly, the following affirmative defenses will be stricken: statements were opinion, (North Star 23), plaintiffs are public officials and the statements were privileged, (North Star 24), and statements were true, (North Star 25).

E. Remaining Affirmative Defenses

The Baird defendants assert, in response to plaintiffs' defamation claim, that any statements made were true, opinion, or made without malice about public figures, (Baird 23), that the statements were protected by absolute or conditional privilege, (Baird 24), and that plaintiffs consented to the actions and statements of defendants, (Baird 26). If true, these allegations would provide a complete defense to plaintiffs' defamation claim.

See Lieberman v. Fieger, 338 F.3d 1076, 1081 (9th Cir. 2003) (statements of opinion are not assertions of objective fact and are protected under the First Amendment); McQuirk v. Donnelley, 189 F.3d 793, 797 (9th Cir. 1999) (consent is a defense); Willnerd v. Sybase, Inc., No. CV 09-500, 2010 WL 2643316, at *2 (D. Idaho June 29, 2010) (privilege is a defense); Clark v. The Spokesman-Review, 144 Idaho 427, 430 (2007) ("[I]f the plaintiff is a public figure, . . . the plaintiff can recover only if he can prove actual malice, knowledge of falsity or reckless disregard of truth, by clear and convincing evidence."); Baker v. Burlington N., Inc., 99 Idaho 688, 690 (1978) (truth is a defense). Because the defenses are alleged with sufficient specificity in response to plaintiffs' allegations, the court will deny plaintiffs' motion to strike these defenses.

In response to plaintiffs' § 1983 claim, defendants allege that they are entitled to qualified immunity, (Baird 9; North Star 22), that there is no respondeat superior liability under § 1983, (Baird 15), and that they acted in good faith, (North Star 18). Qualified immunity shields § 1983 defendants "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is properly pled as an affirmative defense, see Gomez v. Toledo, 446 U.S. 635, 640 (1980), as is good faith. See Jensen v. Lane Cnty., 222 F.3d 570, 579-80 (9th Cir. 2000). Similarly, defendants may allege that there is no respondeat superior liability. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

9

1989); Cockrell v. United States, 101 F. Supp. 2d 1291, 1292 (S.D. Cal. 1999). Accordingly, the court will not strike these defenses.

The North Star defendants assert that plaintiffs' employment contracts expired by their own terms, (North Star 4), defendants fully performed under the contracts, (North Star 10), and plaintiffs failed to comply with the contracts, (North Star 11). While the court will not address in detail the burdens of proof for each of plaintiffs' claims, it is possible that defendants may wish to prove each of these allegations, and thus the court will not strike them.

Defendants have also pled the affirmative defenses of contributory negligence, (Baird 3; North Star 14), failure to mitigate (Baird 4; North Star 5), and privileged actions (Baird 15; North Star 20). While these defenses are admittedly not pled with a great deal of specificity, they adequately respond to the specificity of plaintiffs' allegations.

Finally, defendants have alleged that plaintiffs failed to timely comply with the Idaho Tort Claims Act ("ITCA"), (Baird 18; North Star 19). Non-compliance with the ITCA is an appropriate affirmative defense. See Hutchinson v. Bingham Cnty., No. CV-06-13, 2006 WL 1876675, at *4 (D. Idaho July 5, 2006) (citing Smith v. Mitton, 140 Idaho 893, 898 (2004)). Accordingly, the court will deny plaintiffs' motion to strike these defenses.

F. Defendants' Answers

Federal Rule of Civil Procedure 8(b) requires a defendant to "admit or deny the allegations asserted against it

10

by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). "A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3). By answering the Complaint with a statement that "[e]ach and every allegation contained in the Complaint, and each and every cause of action and prayer for relief, is denied unless specifically admitted in this defense," (Baird Answer at 2), defendants satisfied Rule 8 with a general denial. (See also North Star Answer at 2 ("Answering Defendants deny each and every allegation of the Complaint not specifically and expressly admitted herein.").)

Plaintiffs take issue with defendants' inclusion at several points in the Answers of the response that a document "speaks for itself" or that plaintiffs' allegations "state legal conclusions to which no admission or denial is required." Although such responses, standing alone, would be insufficient under Rule 8, defendants did more than merely include those responses. Defendants also made admissions and conditional and general denials as they deemed necessary given the substance and extent of the allegations in each paragraph. Taken in their entirety, the court finds that defendants' responses satisfy the requirements of Rule 8(b)(1). See Barnes, 718 F. Supp. 2d at 1175. Accordingly, there is no basis upon which to strike those responses or to deem the allegations admitted.

IT IS THEREFORE ORDERED that plaintiffs' motions to strike portions of defendants' Answers be, and the same hereby are, DENIED as to the Baird defendants' affirmative defenses 3-4,

9, 15, 18, and 23-26, and the North Star defendants' affirmative defenses 4-5, 10-11, 14, 18-20, and 22, and GRANTED as to the other affirmative defenses.  Plaintiffs' request to deem certain allegations admitted is DENIED.  Defendants have twenty days from the date of this Order to file amended answers, if they can do so consistent with this Order.

DATED:  July 26, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE